IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

Courtroom Deputy:  Deborah Hansen      Date:  May 16, 2013
Court Reporter:    Gwen Daniel         Probation: Gary Kruck

_____

Criminal Action No. 12-cr-00293-WJM      *Counsel:*

UNITED STATES OF AMERICA,      Kurt Bohn

      Plaintiff,

v.

BRYAN JAMES WEGMAN-CONWAY,      Mr. Koppa

      Defendant.

_____

**COURTROOM MINUTES**
_____

HEARING - SENTENCING

11:00 a.m.    Court in Session

Appearances

Defendant is present and in custody.

Oath administered to the defendant.

Court's comments

Sentencing Statement by Mr. Bohn

Sentencing Statement by Mr. Koppa

**ORDERED:  There being no objection, the Government's Amended Motion to**

**Grant the Defendant an Additional One-Level Decrease Pursuant to U.S.S.G. § 3E1.1(b) (ECF No. 38) is GRANTED.**

Mr. Koppa clarifies for the record that the objection at ECF No. 32 is really a comment.

**ORDERED:** **The defense's objection at ECF No. 32 will not affect the Court's sentencing; and therefore, no ruling is necessary.**

**ORDERED:** **The United States' Amended Motion for Downward Departure (ECF No. 37) is GRANTED.**

Defendant's Allocution

Defendant plead guilty to Counts One and Three of the Indictment on January 17, 2013.

**ORDERED:** **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Bryan James Wegman-Conway, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 96 months on Counts 1 through 4 of the Indictment, each term to be served concurrently with the others.**

**In serving this term of incarceration the Court recommends that the director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.**

**ORDERED:** **Upon release from imprisonment defendant is placed on supervised release for a term of three years on Counts 1 through 4 of the Indictment, each term to be served concurrently with the others.**

**While on supervised release, the defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.**

**The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance.  The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**ORDERED:**   **The following special conditions of supervised release are imposed:**

1.   **The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.**

2.   **The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.**

3.   **The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.**

4.   **If the defendant does not have a viable home plan acceptable to the probation officer at the time he is released from custody, he shall reside in a Residential Reentry Center (RRC) for a period of up to 180 days, and shall observe the rules of that facility. The defendant may be released from the Residential Reentry Center early with the permission of his probation officer if he secures a suitable residence.**

5.   **The defendant shall submit his person, property, house, residence, papers, computers, other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that**

> **the areas to be searched contain evidence of this violation.
> Any search must be conducted at a reasonable time and in a
> reasonable manner.**

**The defendant shall pay a Special Assessment of $400.00, which is due and
payable immediately.**

**The Court FINDS that the defendant does not have the ability to pay a fine, so the
Court will waive the payment of any fine in this case other than the Special
Assessment**.

Defendant advised of his right to appeal his conviction, as well as the sentence
imposed, except in very limited circumstances**.**

**ORDERED:  Defendant is REMANDED to the custody of the U.S. Marshal.**

11:27 a.m.    Court in Recess
              Hearing concluded
              Time: 27 minutes