**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 16-cv-1415-WJM
Criminal Case No. 12-cr-0293-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    **BRYAN JAMES WEGMAN-CONWAY**,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**

---

Before the Court is Defendant Bryan James Wegman-Conway's Motion to Vacate Under 28 U.S.C. § 2255. (ECF No. 44.) Because the undersigned finds that he would impose the same sentence even accepting Wegman-Conway's arguments as true, his motion is denied.

## I. BACKGROUND

### A.    Wegman-Conway's Sentence

In July 2012, the Government indicted Wegman-Conway on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("felon-in-possession"); and two counts of theft from a licensed firearms dealer, in violation of 18 U.S.C. § 922(u). (ECF No. 1.) In January 2013, and pursuant to a plea agreement, Wegman-Conway pleaded guilty to all four counts. (ECF No. 28.)

The plea agreement included the parties' "joint recommendation for a period of confinement of 96 months," calculated as "a 13% reduction from the advisory guideline

calculation reflected [later in the plea agreement]."  (*Id*. at 2 & n.1 (emphasis removed).) That Guidelines calculation was as follows:

- A base offense level of **20**, per Guidelines § 2K2.1(a)(4), which applies when "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," as well as when the offense involved various specific types of firearms or other characteristics.[1]  The plea agreement did not specify which portion of § 2K2.1(a)(4) applied to Wegman-Conway.

- An increase of 4 levels (to **24**) under Guidelines § 2K2.1(b)(1)(B), which applies when the offense involves 8–24 firearms (Wegman-Conway's offense involved 17 firearms).

- An increase of another 4 levels (to **28**) under Guidelines § 2K2.1(b)(6)(B), which applies when a firearm is possessed in connection with another felony.

- A decrease of 3 levels (to **25**) for acceptance of responsibility, presumably under Guidelines § 3E1.1(b), which permits a 3-level decrease (actually, a decrease of 1 level in addition to the normal 2-level decrease for acceptance of responsibility) when the offense level is 16 or greater and the Government moves for such a decrease.

---

[1] Unless otherwise noted, all Guidelines quotations and citations in this order are to the 2012 edition of the Guidelines, which was in effect at the time Wegman-Conway was sentenced on May 16, 2013.  *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

(*Id.* at 10.)  Thus, the parties calculated Wegman-Conway's offense level at 25.  As for

his criminal history computation, the parties offered a "tentative" conclusion that

Wegman-Conway fell into criminal history category VI.  Given an offense level of 25

and a criminal history category of VI, the advisory Guidelines sentencing range was

110–37 months.  *See* United States Sentencing Commission, *Guidelines Manual* 394

(2012).  Subtracting 13% from the low end of that range yields approximately 96

months.

Following Wegman-Conway's guilty plea, the Probation Office prepared a

Presentence Investigation Report ("PSIR").  The PSIR, like the plea agreement, found

that Wegman-Conway's base offense level was 20 per Guidelines § 2K2.1(a)(4) (again,

without specifying what portion of that Guidelines section applied); that the offense level

should be increased by 4 levels (to 24) under Guidelines § 2K2.1(b)(1)(B); and that the

offense level should be increased by another 4 levels (to 28) under Guidelines

§ 2K2.1(b)(6)(B).  (ECF No. 33 ¶¶ 17, 18, 21.)  However, the PSIR noted two additional

enhancements:

- an increase of 2 levels (to **30**), per Guidelines § 2K2.1(b)(4)(a), which applies when the firearms involved in the offense were stolen; and

- an increase of 4 levels (to **34**), per Guidelines § 2K2.1(b)(5), which applies when the defendant engages in firearms trafficking.

(*Id.* ¶¶ 19, 20.)  The PSIR agreed with the plea agreement, however, that a decrease of

3 levels should apply under Guidelines § 3E1.1(b).  (*Id.* ¶ 26.)  Thus, the PSIR came to

a total offense level of **31**—six levels higher than the plea agreement's calculation.

3

As for criminal history, the PSIR reached the same conclusion as the plea agreement: category VI.  With an offense level of 31 and a criminal history category of VI, the advisory Guidelines range became 188–235 months.  *Guidelines Manual* 394.

Based on this calculation, the PSIR recommended a sentence of 188 months. (ECF No. 33-1 at 2.)  In a footnote, however, the PSIR stated the following: "This recommendation is absent the anticipated §5K1.1 motion [for downward departure based on substantial assistance to the Government].  If the Government is able to show that the defendant has met his burden for substantial assistance, the Probation Office will not object to a sentence of 96 months . . . ."  (*Id*. at n.2.)

Neither Wegman-Conway nor the Government objected to the PSIR's calculation of Wegman-Conway's offense level or criminal history category.  And, despite the Government basing its plea agreement on a 13% downward departure from a Guidelines range that turned out to be much lower than what was actually applicable, the Government filed a Guidelines § 5K1.1 motion requesting a sentence of 96 months, as contemplated in the plea agreement.  (ECF No. 37.)

At sentencing, the Court accepted the PSIR, including its sentencing range calculation, without changes.  (*See* ECF No. 40 at 8, §§ I, III.)  The Court also granted the Government's § 5K1.1 motion and sentenced Wegman-Conway to 96 months. Wegman-Conway did not appeal.

**B.    *Johnson* and *Welch***

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Johnson* examined the Armed Career Criminal Act ("ACCA"), which

4

mandates a 15-year minimum sentence for anyone convicted of felon-in-possession

who "has three previous convictions . . . for a violent felony."  18 U.S.C. § 924(e)(1).

Specifically at issue in *Johnson* was the ACCA's definition of "violent felony":

> any crime punishable by imprisonment for a term exceeding
> one year . . . if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened
> use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of
> explosives, *or otherwise involves conduct that presents a
> serious potential risk of physical injury to another* [.]

*Id.* § 924(e)(2)(B) (emphasis added).

The italicized phrase in clause (ii) is commonly known as the "residual clause,"

while clause (i) is sometimes known as the "elements clause."[2]  All parties in *Johnson*

agreed that whether the defendant qualified for the mandatory 15-year minimum

sentence turned on whether his prior state-law conviction for unlawful possession of a

short-barreled shotgun fell within the residual clause.  *Johnson*, 135 S. Ct. at 2556.

The Supreme Court held, however, that the residual clause was unconstitutional: "We

are convinced that the indeterminacy of the wide-ranging inquiry required by the

residual clause both denies fair notice to defendants and invites arbitrary enforcement

by judges.  Increasing a defendant's sentence under the clause denies due process of

law."  *Id.* at 2557.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136

S. Ct. 1257 (2016).  *Welch* held that *Johnson* announced a "substantive" change in the

---

[2] The elements clause is also sometimes known as the "force clause."

criminal law and therefore applies retroactively to prisoners who had received the ACCA mandatory minimum sentences on account of an offense that was deemed a "violent felony" due to the residual clause.  *Id.* at 1265.  Thus, via 28 U.S.C. § 2255, prisoners sentenced under the residual clause of the ACCA's "violent felony" definition can collaterally challenge their sentences as unconstitutional.

## C.    Wegman-Conway's Petition

Wegman-Conway was *not* sentenced under the ACCA.  However, the parties agree that his base offense level was calculated with reference to Guidelines language regarding a "crime of violence" that is nearly identical to the ACCA's definition of "violent felony."

As noted above, Guidelines § 2K2.1(a)(4) establishes a base offense level of 20 for offenders who have, among other things, previously committed a crime of violence. Section § 2K2.1(a)(4) also applies to a range of other conduct, such as controlled substance offenses and possessing specific types of firearms while having been convicted of a felony.  But Wegman-Conway asserts, and the Government does not dispute, that his base offense level was calculated at 20 under the crime of violence portion of § 2K2.1(a)(4).  (*See* ECF No. 44 at 1–2; ECF No. 56 at 1 & n.1.)  The parties similarly agree that the supposed crime of violence at issue was a felony burglary conviction from Utah in 2009.  (*Id.*)[3]

---

[3] The PSIR reports this burglary conviction (ECF No. 33 ¶ 54), but the Court could locate nothing in the PSIR invoking that conviction as the basis for a crime of violence enhancement under § 2K2.1(a)(4).  Nor could the Court find anything in the sentencing transcript to this effect.

"Crime of violence" in § 2K2.1(a)(4) is defined by cross-reference to § 4B1.2(a).

*See* U.S.S.G. § 2K2.1, Application Note 1.  Section 4B1.2(a), in turn, provides the

following definition of "crime of violence":[4]

> any offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened
> use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use
> of explosives, or otherwise involves conduct that presents a
> serious potential risk of physical injury to another.

Save for the addition of "of a dwelling" after "burglary," paragraphs (1) and (2) are

verbatim copies of the corresponding paragraphs in the ACCA's "violent felony"

definition, including both the elements clause and residual clause.

Wegman-Conway claims that his burglary conviction could not fall under

"burglary of a dwelling," and that the relevant Utah burglary statute does not specify

use, attempted use or threatened use of physical force as an element.  (ECF No. 44 at

4–6; ECF No. 58 at 14–19.)  Thus, he argues that his burglary conviction must have

been deemed a crime of violence under the residual clause, and he further argues that

the residual clause is unconstitutional in light of *Johnson*.  (ECF No. 44 at 2–4, 6.)

Given that, he says, his base offense level should have been no higher than 14, *see*

U.S.S.G. § 2K2.1(a)(6), and his entire sentence should be adjusted under that

assumption.  (*Id*. at 2.)

---

[4] This section has since been amended, but, as previously noted, Guidelines ranges are
calculated according to the Guidelines in effect at the time the defendant is sentenced.  *See*
U.S.S.G. § 1B1.11.

## II.  ANALYSIS

In *United States v. Durete*, ___ F. Supp. 3d ___, 2016 WL 5791199 (D. Colo.

Sept. 13, 2016), *appeal docketed*, No. 16-1439 (10th Cir., Nov. 1, 2016), this Court held

that—as Wegman-Conway now argues—the residual clause in Guidelines § 4B1.2(a) is

unconstitutional in light of *Johnson* and that those sentenced under the residual clause

may bring a § 2255 petition to challenge their sentences so long as such petition was

filed within one year of *Johnson*.  *See id*. at *9–10.[5]   Nonetheless, the Court need not

analyze how this holding might apply to Wegman-Conway.  Assuming that it applies as

he wishes and that all of the Government's contrary arguments fail, the undersigned

would impose the same 96-month sentence regardless.

As noted above, Wegman-Conway believes that his offense level calculation

should have started at 14 rather than 20.  Obviously, this is a downward adjustment of 6

levels.  But it turns out that the offense level calculated in his plea agreement was

already 6 levels too low (exactly).  In other words, holding constant his criminal history

category and all other offense-level adjustments (and Wegman-Conway does not argue

that any of these items should change), he argues for a total offense level of 25 and a

criminal history category of VI, yielding an advisory sentencing range of 110–37

months—precisely what he and the Government relied upon in plea agreement

---

[5] A portion of *Durete* not relevant here has since been abrogated by *United States v. Harris*, ___ F.3d ___, 2017 WL 34458 (10th Cir. Jan. 4, 2017) (holding that Colorado simple robbery is a crime of violence for purposes of the ACCA's "violent felony" provision), and *United States v. Crump*, ___ F. App'x ___, 2017 WL 33530 (10th Cir. Jan. 4, 2017) (holding that Colorado simple robbery is a crime of violence for purposes of the § 4B1.2(a)).

negotiations, and precisely what the Government chose to discount by 13% to reach a recommendation of 96 months.

At sentencing, the Court accepted the Government's recommendation.  The Court's acceptance was *not* in the form of an agreed adjustment to the offense level, but simply an agreement that a downward departure to 96 months was appropriate in light of Wegman-Conway's substantial assistance.  Regardless of whether Wegman-Conway's advisory Guidelines range was calculated as in the plea agreement or as in the PSIR, the Court then believed and continues to believe that 96 months was the appropriate sentence in light of all the relevant factors.  Stated differently, if the Court were to re-sentence Wegman-Conway under an advisory range of 110–37 months, the Court would not accept a downward departure any greater than the 13% that the Government already proposed.[6]  Thus, granting § 2255 relief could lead to no better result for Wegman-Conway, and his petition therefore fails.

## III.  CONCLUSION

For the reasons set forth above, Wegman-Conway's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 44) is DENIED.

---

[6] Attached to this order is a November 2016 e-mail chain between the undersigned's judicial assistant and the parties' attorneys, in which counsel for the Government affirmed that "if Mr. Wegman-Conway's motion is granted and the guideline range is revised to the range on which the government's 96-month recommendation was originally based, the government's recommendation would remain the same."

Dated this 12th day of January, 2017.

BY THE COURT:

William J. Martinez
United States District Judge